UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOLLAND, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SAN FRANCISCO, *et al.*,<br><br>    Defendants. | Case No. 19-cv-02545-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ALLIED UNIVERSAL SECURITY SERVICES' MOTION TO DISMISS**<br><br>Re: Dkt. No. 37 |

Defendant Allied Security Services ("Allied") has filed a motion to dismiss the amended complaint. This case was originally assigned to Magistrate Judge Spero, and the motion to dismiss was noticed on Judge Spero's calendar for May 1, 2020. On March 17, 2020, this case was reassigned to the undersigned judge. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument. For the reasons set forth below, Allied's motion to dismiss the amended complaint is GRANTED in part and DENIED in part.

**BACKGROUND**

The amended complaint alleges two causes of action against Allied: the ninth cause of action for negligence and the eleventh cause of action for malicious prosecution. Plaintiffs allege that Allied is vicariously liable for the actions of its employee, defendant Mark Hankins. Plaintiffs allege that on December 6, 2018, Hankins, who was working as an Allied security guard, called 911 and reported that plaintiffs had committed a commercial burglary at the Stonestown Mall. First Amended Compl. ("FAC") ¶¶ 16-20. The FAC alleges that plaintiffs had not committed a

burglary, and that "[t]he truth of the matter is that both of the Plaintiffs had decided to walk to a nearby McDonalds to get something to eat." *Id*. at ¶ 21. The FAC alleges that after plaintiffs ate at McDonalds, they walked to their parked cars. "As the Plaintiffs were walking to their parked cars, Defendant Mark Hankins pointed the Plaintiffs out to the police, stating 'that's them,' and the Plaintiffs were immediately approached by the Defendant San Francisco Police Officers, surrounded by said officers, ordered to sit down on the ground, accused of committing a commercial burglary of the Macy's construction site and were not free to leave." *Id*. at ¶ 23. The FAC alleges that Hankins "knowingly and intentionally stated to the Police that he observed the Plaintiffs exiting the former Macy's department store as proof that the Plaintiffs had committed violations of California Penal Code Sections 459, 466, and 602.1, knowing that these statements were false." *Id*. at ¶ 33.

Plaintiffs were arrested and criminally charged. Plaintiffs "were both prosecuted for over two months until the San Francisco District Attorney's office subsequently observed body camera footage showing that Plaintiffs did not commit any crimes, and dismissed all of the criminal charges against the Plaintiffs." *Id.* at ¶ 31. As a result of the false criminal charges filed against plaintiffs, plaintiff Holland was detained for over two months in the San Francisco County Jail, and plaintiff Nelson was detained for approximately two weeks in the same jail. *Id*. at ¶¶ 29-30.

## DISCUSSION

Allied moves to dismiss plaintiffs' claims for negligence and malicious prosecution. Plaintiffs' opposition concedes that the negligence claim should be dismissed. Opp'n at 4 (Dkt. No. 40). Accordingly, the Court GRANTS Allied's motion to dismiss the ninth cause of action against Allied.

Allied contends that the malicious prosecution claim should be dismissed because plaintiffs have not alleged that Allied or Hankins acted with malice or that they lacked probable cause, both elements of a malicious prosecution claim. *See Greene v. Bank of America*, 216 Cal.App.4th 454, 464-65 (2013). Allied argues that plaintiffs have simply alleged that Hankins suspected a crime and then called the police.

2

Plaintiffs contend that they have stated a claim because they allege that Hankins falsely reported that he saw plaintiffs exiting the Macy's construction site. Plaintiffs allege that they never entered or exited the Macy's construction site and that Hankins was lying when he made the report to the police, thus satisfying the elements of malice and lack of probable cause.

The Court agrees with plaintiffs and finds that they have stated a claim for malicious prosecution. "Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." *Sullivan v. County of Los Angeles*, 12 Cal.3d 710, 720 (1974). Courts have held that alleging a defendant has knowingly made a false report to the police is sufficient to state a claim for malicious prosecution. *See Greene*, 216 Cal.App.4th at 464-65 (plaintiff satisfied malice and lack of probable cause elements for malicious prosecution where he claimed that bank employee reported that the plaintiff threatened to blow up bank where the plaintiff claimed he never made such a threat).

Defendant's remaining contentions lack merit. Defendant asserts that plaintiffs' claim is barred by California Civil Code § 47. However, "[t]here is no doubt that Civil Code section 47 does not affect malicious prosecution actions." *Fremont Comp. Ins. Co. v. Sup. Ct.*, 44 Cal.App.4th 867, 870 (1996). Defendant also contends that because plaintiffs allege that Hankins lied, the malicious prosecution claim is "analogous to [a] fraud claim," and thus plaintiffs must allege those facts with particularity as required by Federal Rule of Civil Procedure 9(b). Mth. at 10 (Dkt. No. 37). Defendant does not cite any authority for that proposition. The Court is not persuaded that simply because plaintiffs allege that Hankins made a false report, the FAC must comply with Rule 9(b)'s pleading requirements. In any event, the FAC alleges the "who, what and when" of the alleged false report.

Accordingly, the Court DENIES defendant's motion to dismiss the malicious prosecution claim.

///

**CONCLUSION**

For the reasons set forth above, Allied's motion to dismiss is GRANTED as to the negligence claim and DENIED as to the malicious prosecution claim.

**IT IS SO ORDERED**.

Dated: March 21, 2020

SUSAN ILLSTON
United States District Judge