UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOLLAND, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 19-cv-02545-SI<br><br>**ORDER ON MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 87 |

On March 24, 2021, the Court granted the police officer defendants' motion for summary judgment, finding there was ample probable cause to arrest plaintiffs. Dkt. No. 84. The Court also sua sponte granted summary judgment with respect to plaintiffs' 11th cause of action for malicious prosecution against Allied Security and one of its employees, Mark Hankins (the "Allied Defendants"). The 11th cause of action alleges Mark Hankins provided "false information to police" and "did not reasonably believe … probable cause … existed [to arrest plaintiffs]." Dkt. No. 32 at ¶¶ 90 and 92 (First Amended Complaint). A key issue when evaluating the police officer defendants' motion for summary judgment was Mark Hankins' assertion that he saw plaintiffs exit an employee-only door. Dkt. No. 68 at 17-18 (Police Officer Defs. MSJ); Dkt. No. 72 at 4-8 (Plaintiffs' Opposition to MSJ). When granting summary judgment, the Court found that even without Mr. Hankins' assertion, there was probable cause to arrest plaintiffs. As such, the Court found it appropriate to sua sponte grant summary judgment on the 11th cause of action.

Rule 56(f) of the Federal Rules of Civil Procedure governs the Court's ability to grant summary judgment sua sponte:

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

1         (1) grant summary judgment for a nonmovant;

2         (2) grant the motion on grounds not raised by a party; or

3         (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f). "Sua sponte grants of summary judgment are only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'" *Greene v. Solano Cty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008) (*quoting Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).

The Ninth Circuit has long "recognized that, where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment sua sponte for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc). So long as the moving party is "given reasonable notice that the sufficiency of his or her claim will be in issue, and has therefore had adequate time to develop the facts on which the litigant [would] depend to oppose summary judgment, sua sponte summary judgment is appropriate." *Nozzi v. Hous. Auth.*, 806 F.3d 1178, 1199-1200 (9th Cir. 2015) (internal citations and quotations omitted). "Doing so preserves judicial resources by preventing courts from having to preside over 'unnecessary trials' where no genuine issues of fact are in dispute, which is consistent with the overall objective of [Federal Rule of Civil Procedure 56] of expediting the disposition of cases." *Id*. (internal quotations and citations omitted).

The 11th cause of action for malicious prosecution against the Allied Defendants hinges upon whether or not there was probable cause to arrest plaintiffs, which was also true of plaintiffs' claims against the police officers. The parties' briefs on the police officer defendants' motion for summary judgment largely focused on the issue of probable cause. Plaintiffs were therefore well aware this issue was at the crux of their case, including their cause of action against the Allied defendants. Not only did the briefing largely focus on probable cause, but the Court heard an hour of oral argument on the same issue. The issue of probable cause has been extensively briefed and argued, and plaintiffs had a full and fair opportunity to prove their case. The Court found it appropriate therefore to grant the summary judgment motion with respect to the Allied Defendants even though they had

not moved for summary judgment.

However, in abundance of caution, the Court will allow plaintiffs to submit a brief, not exceeding 15 pages, on or before April 23, 2021 explaining why the 11th cause of action against the Allied Defendants should survive in light of the Court's finding of probable cause to arrest plaintiffs. The Allied Defendants may file an opposition brief of no more than 10 pages, on or before April 30, 2021.

**IT IS SO ORDERED**.

Dated: April 8, 2021

_____
SUSAN ILLSTON
United States District Judge