UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL HOLLAND, et al.,

    Plaintiffs,

    v.

CITY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 19-cv-02545-SI

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 87

On March 23, 2021, the Court granted the motion for summary judgment filed by defendants City of San Francisco and individual police officers.[1] Dkt. No. 84. The Court also entered summary judgment *sua sponte* for defendant Allied Universal Security Services and its employee, defendant Mark Hankins (the "Allied defendants") on the one remaining malicious prosecution claim against them. The Allied defendants did not file a summary judgment motion of their own or join the other defendants' motion. Nevertheless, the Court granted summary judgment with respect to all defendants based on the Court's finding that probable cause existed to arrest plaintiffs – a finding fundamentally fatal to plaintiffs' claims against *all* defendants. Dkt. No. 84 at 10[2]. The issue of probable cause depended upon the same set of facts for all defendants and was an issue briefed at length and discussed at length during the February 26, 2021 hearing. Thus, the Court felt comfortable granting summary judgment *sua sponte* with respect to the Allied defendants because plaintiffs had ample opportunity to be heard on the issue of probable cause.

---

[1] The court in its order granting summary judgment detailed the facts of this case and therefore will not do so again here.

[2] For ease of reference, page number citations refer to the ECF branded number in the upper right hand corner of the page.

1    On March 31, 2021, plaintiffs filed a motion for reconsideration with respect to the Court
2 granting summary judgement for the Allied defendants. Dkt. No. 87. On April 8, 2021, the Court
3 explained the

> Ninth Circuit has long "recognized that, where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment sua sponte for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc). So long as the moving party is "given reasonable notice that the sufficiency of his or her claim will be in issue, and has therefore had adequate time to develop the facts on which the litigant [would] depend to oppose summary judgment, sua sponte summary judgment is appropriate." *Nozzi v. Hous. Auth.*, 806 F.3d 1178, 1199-1200 (9th Cir. 2015) (internal citations and quotations omitted). "Doing so preserves judicial resources by preventing courts from having to preside over 'unnecessary trials' where no genuine issues of fact are in dispute, which is consistent with the overall objective of [Federal Rule of Civil Procedure 56] of expediting the disposition of cases." *Id*. (internal quotations and citations omitted).

Dkt. No. 89 at 2. While the Court stood by its ruling, "in abundance of caution," it granted leave for additional briefing on the issue as to why the cause of action against the Allied defendants should survive in light of the finding on probable cause. Dkt. No. 89 at 3.

The only cause of action against the Allied defendants is malicious prosecution. Plaintiffs acknowledge that lack of probable cause is an element of a malicious prosecution claim. Dkt. No. 90 at 6. Plaintiffs further admit probable cause need not "satisfactorily prove the guilt of an accused person … It exists if one is possessed with information or facts which are sufficient to cause a reasonable person to honestly believe the charge is true." *Id*. (internal citations omitted). Plaintiffs argue that a material dispute of facts exists regarding whether defendant Mark Hankins honestly believed plaintiffs "were inside the Macy's store … or whether he deliberately lied" to police about what he saw. *Id*. At 7. Additionally, plaintiffs make the same argument the Court previously rejected – stating they were at McDonalds and not in the Macy's construction site.

Plaintiffs' arguments fail. First, the Court expressly found probable cause existed to arrest plaintiffs "[w]hether or not [the Allied defendants] witnessed plaintiffs exiting the [Macy's]." Dkt. No. 84 at 9.

Second, plaintiffs' argument that they were at the McDonalds is equally unavailing. Plaintiffs re-submitted the same videos allegedly showing plaintiffs entering and exiting the McDonalds without a date or time stamp. Exhibit A and B to Dkt. No. 90-4 (Goff Decl). Plaintiffs

also submit declarations stating they were at the McDonalds. Dkt. No. 90-1 (Holland Decl); Dkt. No. 90-3 (Basdeo Decl). However, the police were explicitly told on the night of plaintiffs' arrest there was no footage of plaintiffs entering or exiting the McDonalds. As the Court stated previously: "[T]he only evidence plaintiffs presented on the night of the incident was their word …If probable cause dissipated every time suspects protested they 'didn't do it,' policework would be impossible." Dkt. No. 84 at 10.

Finally, and as the Court reasoned in its previous order, ample probable cause existed to arrest plaintiffs, including:

1. Plaintiffs were parked directly next to a construction site, hundreds of yards away from McDonalds;
2. Plaintiffs were at the mall hours after the vast majority of the stores closed;
3. Plaintiffs both had headlamps on their persons—matching the mall officers' description;
4. Industrial size bolt cutters, capable of cutting the construction site's security fence, were found in one of plaintiff's cars;
5. Mall security officers initially saw plaintiffs near the construction site and later found plaintiffs' cars near the site, the security fencing into the construction site open, the lock cut, and bolt cutters on the front seat of one of plaintiff's cars;
6. The superintendent of the construction project confirmed that a wheeled cart full of tools, bolt cutters, and electrical equipment next to the open gate had not been placed there by the construction team; and
7. The superintendent of the construction project confirmed that plaintiffs were not employees of the construction project.

Plaintiffs' motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: May 13, 2021

SUSAN ILLSTON
United States District Judge

3